```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

FLORA BRAZIEL,                )
                              )
            Plaintiff,        )
                              )
     v.                       )      No. 13 C 778
                              )
UNITED STATES ATTORNEY'S OFFICE,)
FINANCIAL LITIGATION UNIT,    )
                              )
            Defendant.        )

## MEMORANDUM ORDER

On January 31 Flora Braziel ("Braziel") submitted a self-prepared Complaint, naming as defendant "United States Attorney's Office, Financial Litigation Unit," that was assigned at random to the calendar of this Court's colleague Honorable John Grady. When Judge Grady exercised his prerogative under 28 U.S.C. §294(b) to request reassignment to another District Judge, the case came to this Judge's calendar via another random assignment. This sua sponte memorandum order is occasioned by Braziel's submission, in addition to the Complaint and a bulky set of exhibits, of an In Forma Pauperis Application ("Application") that calls for consideration at the outset.

In this Circuit the granting of in forma pauperis status requires that a plaintiff show not only the inability to pay the filing fee but also the assertion of a nonfrivolous claim (see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)). Because Braziel's Application shows the likely satisfaction of the first of those elements, this memorandum order turns to the second.

In that respect Braziel seeks to turn to the court system after her effort to block further enforcement of the restitution order stemming from a criminal conviction was rejected by another of this Court's colleagues, Honorable George Lindberg, who had presided over her criminal case. In that respect Judge Lindberg had issued the following minute order in Case No. 01 CR 507 on November 26, 2012 (Complaint Ex. 25):

> Defendant Flora Braziel's motion for issuance of an order on removal of defendant's debt from treasury offset program collection [204] is denied. Ms. Braziel has not cited to, and this Court is not aware of any, legal basis under which this Court could grant the instant request. If Ms. Braziel wishes to challenge the use of TOP to collect her restitution debt, she must first exhaust her administrative remedies and then seek review by filing an original action pursuant to the Administrative Procedures Act. See Omegbu v. Department of Treasury, 118 Fed. Appx. 989, 990 (7th Cir. 2004). Challenging the use of TOP by filing a motion in the instant closed criminal case is not appropriate. Accordingly, the motion is denied. No court appearance is required on 11/29/2012. Mailed notice (meg.)

But what follows here are the only allegations in the Complaint as to what Braziel then did before launching the present lawsuit:

> December 19, 2012 plaintiff telephoned Federal agency and made a third request for a review and to get information on Administrative Procedure Act, to no avail.
>
> December 19, 2012 Plaintiff made another call to Federal agency and was transferred to it's Chief, Mr. Patrick Pope, who advised plaintiff claim had been filed and there would be no review.
>
> Under the circumstances it is not at all clear (perhaps an

understatement) whether the current lawsuit is or is not "frivolous" in the legal sense identified in <u>Lee v. Clinton</u>.  To facilitate further inquiry on that score, both Braziel and Assistant United States Attorney Joseph Stewart (whom the Complaint reveals to have been involved in addressing Braziel's claim at the enforcement level) are ordered to appear in court at 9 a.m. February 22, 2013 to discuss the matter.

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 13, 2013